# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 280 | **DATE** | 8/30/2011 |
| **CASE TITLE** | Urbanski vs. City of Chicago, et al. | | |

**DOCKET ENTRY TEXT**

Following entry of judgment in its favor, Defendants submitted a bill of costs [54] pursuant to Federal Rule of Civil Procedure 54(d). Plaintiff has not filed any objection to the bill of costs. Nevertheless, the Court has scrutinized the amounts sought by Defendants. For the reasons stated below, the Court awards Defendants **$1,059.80** in costs.

■[ For further details see text below.]

Docketing to mail notices.

# STATEMENT

Rule 54(d)(1) provides that "costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The rule "provides a presumption that the losing party will pay costs but grants the court discretion to direct otherwise." *Rivera v. City of Chicago,* 469 F.3d 631, 634 (7th Cir. 2006). However, the Seventh Circuit recognizes "only two situations in which the denial of costs might be warranted: the first involves misconduct of the party seeking costs, and the second involves a pragmatic exercise of discretion to deny or reduce a costs order if the losing party is indigent." *Mother & Father v. Cassidy,* 338 F.3d 704, 708 (7th Cir. 2003); see also *Rivera,* 469 F.3d at 634-35. Taxing costs against the non-prevailing party requires two inquiries: (1) whether the cost is recoverable; and (2) whether the amount assessed is reasonable. See *Majeske v. City of Chicago,* 218 F.3d 816, 824 (7th Cir. 2000). The list of recoverable costs pursuant to 28 U.S.C. § 1920 includes (1) fees of the clerk and marshal, (2) fees for transcripts, (3) witness fees and expenses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation for court-appointed experts and interpreters. See *Republic Tobacco Co. v. N. Atl. Trading Co., Inc.,* 481 F.3d 442, 447 (7th Cir. 2007). Defendant claims $1,069.80 in costs–$107.85 for exemplification and copies of papers necessarily obtained for use in the case, $951.95 for fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case, and $10.00 for parking. The Court notes that Defendants' bill of costs does accurately depict what they are requesting; however, the supporting exhibits accurately depict the requested costs, and also provide a basis for awarding the majority of the costs.

A.  **Court Reporting and Transcription Fees – 28 U.S.C. § 1920(2)**

First, Defendants seek $951.95 in court reporting fees pursuant to 28 U.S.C. § 1920(2). The Court awards deposition charges if the deposition appears reasonably necessary in light of the facts known at the time of the deposition. See *Little v. Mitsubishi Motors N. Am., Inc.,* 514 F.3d 699, 702 (7th Cir. 2008) (per curiam); *Mother & Father,* 338 F.3d at 708. Under Northern District of Illinois Local Rule 54.1(b), the costs of a transcript shall

| STATEMENT |
|---|

not exceed the regular copy rate established by the Judicial Conference of the United States. See N.D. Ill. L.R. 54.1(b).

The Court has reviewed the supporting materials attached to Defendants' bill of costs and finds that the amounts requested are reasonable. Furthermore, the Court notes that Plaintiff has failed to object to these costs sought by Defendants. Therefore, the Court awards Defendants $951.95 in court reporting fees.

**B.      Fees for Exemplification and Copies – 28 U.S.C. § 1920(4)**

Next, Defendants seek $107.85 in photocopying and exemplification costs pursuant to 28 U.S.C. § 1920(4), which allows a judge to tax as costs "[f]ees for exemplification and copies of papers necessarily obtained for use in the case." See *Tchemkou v. Mukasey,* 517 F.3d 506, 513 (7th Cir. 2008). Courts interpret this section to mean that photocopying charges for discovery and court copies are recoverable, but charges for copies made for attorney convenience are not. See *Kulumani v. Blue Cross Blue Shield Ass'n,* 224 F.3d 681, 685 (7th Cir. 2000); *McIlveen v. Stone Container Corp.,* 910 F.2d 1581, 1584 (7th Cir. 1990). Under Section 1920(4), the prevailing party is "not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs." *Northbrook Excess & Surplus Ins. Co. v. Proctor & Gamble,* 924 F.2d 633, 643 (7th Cir. 1991). Instead, the prevailing party need only provide the best breakdown obtainable from the records. See *id.*

The Court has reviewed the supporting materials attached to Defendants' bill of costs and finds that the amounts requested are reasonable. The amounts requested are well within the bounds of copying costs previously found to be reasonable and that Defendants have provided detailed materials in support of their request for exemplification costs. See, *e.g.*, *Kaplan v. City of Chicago*, 2009 WL 1940789, at *4 (N.D. Ill. July 6, 2009) ("courts in this district have found photocopying costs between $0.10 and $0.20 per page to be reasonable"); *Shanklin Corp.*, 2006 WL 2054382, at *4 (same). Therefore, the Court awards Defendants $107.85 in photocopying and exemplification costs under Section 1920(4).

**C.      Parking**

Defendants seek $10.00 for parking. "Parking" is not listed as one of recoverable costs pursuant to 28 U.S.C. § 1920, and Defendants have not included any authority in support of their request. Therefore, the Court declines to award Defendants costs associated with parking.